IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-10-378-C |
| | ) | CIV-13-0052-C |
| FERNANDEZ DE | ) | |
| LOERA-HERNANDEZ, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

On January 11, 2013, Defendant, acting pro se, filed a 28 U.S.C. § 2255 Motion to

Vacate, Set Aside or Correct his sentence.  In support of his request, Defendant argues that

his trial counsel was ineffective in failing to timely disclose and review the Pre-Sentence

Report ("PSR") and in failing to raise certain objections and make certain arguments which

resolved in a sentence that is substantially unreasonable.[1]

Defendant's ineffective assistance of counsel claim is governed by the two-pronged

analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984).  First, Defendant must

show that his counsel's performance fell below an objective standard of reasonableness.  Id.

at 688.  Second, Defendant must demonstrate that the deficient performance resulted in

prejudice to his defense.  Id. at 687.  These elements may be addressed in any order and it

---

[1]  To the extent Defendant raises issues regarding the reasonableness of his
sentence that are not premised on a claim of ineffective assistance of counsel, those
claims have been finally resolved against Defendant by the Tenth Circuit's opinion on
direct appeal.  See United States v. De Loera-Hernandez, 458 F.App'x 779 (10th Cir.
2012).

is not necessary to consider both, if a party fails to make a sufficient showing of one. Boyd

v. Ward, 179 F.3d 904, 914 (10th Cir. 1999). Here, the Court finds Defendant's failure to

make a sufficient showing on the prejudice prong is decisive. To establish the second prong,

Defendant must show that "counsel's errors were so serious as to deprive the defendant of

a fair trial." Strickland, 466 U.S. at 687. In other words, Defendant must establish "that, but

for counsel's unprofessional errors, the result of the proceeding would have been different."

Id. at 694. With these standards in mind, the Court considers the issues raised by Defendant.

Defendant's first claim of ineffective assistance arises from the untimely disclosure

of the PSR. As Defendant notes, Fed. R. Crim. P. 32(e)(2), requires the PSR to be disclosed

to Defendant and his attorney at least 35 days prior to sentencing. Defendant argues that

despite this requirement, he did not see the PSR until the date of sentencing. Defendant also

asserts that the failure to disclose was the fault of his counsel. The Tenth Circuit has held

that where a Defendant receives less than the required time period but does not object, he

waives the issue. United States v. Jones, 80 F.3d 436, 438 (10th Cir. 1996). At the

sentencing hearing, the Court recessed so that Defendant, his attorney, and an interpreter

could review the PSR. After the proceedings resumed, neither Defendant nor his attorney

objected to the delay in disclosure. Accordingly, the Court finds Defendant has waived any

complaint surrounding the timing of the disclosure.

Next, Defendant argues his counsel was ineffective because he failed to offer evidence

of Defendant's ties to this country as they provided a basis for his repeated unauthorized re-

entry. According to Defendant, he came back because his father was ill and his son has

asthma.  Defendant asserts that his counsel failed to present this evidence in a way to permit

the Court to depart based on "cultural assimilation."[2]  The flaw with Defendant's argument

is that the same evidence of assimilation that he presents in his § 2255 brief as warranting

a departure was presented to the Court at sentencing, considered by the Court, and

specifically rejected by the Court as warranting a departure:

> Mr. De Loera, I realize you've spent much of your adult life in this country,
> you have family here, and certainly the reasons that brought you back may
> have been compelling to you, but what I have to do in sentencing you is
> convince you that you can't keep coming back.  Each time you come back the
> sentence will be higher and higher, and as long as you keep committing crimes
> once you are here, you will keep being caught and sent back to prison and then
> back to Mexico.
>
> It seems to me necessary to have a sentence higher than you received the last
> time in order to fulfill that promise . . . .

(Transcript of Sentencing, Dkt. No. 34, p. 9).  Thus, it is clear that at sentencing, the Court

was presented with evidence of what Defendant calls "cultural assimilation" and found it an

insufficient basis for departing from the Guidelines.  Consequently, Defendant has failed to

demonstrate "that, but for counsel's unprofessional errors, the result of the proceeding would

have been different."  Strickland, 466 U.S. at 694.

Defendant's ineffective assistance claim based on counsel's  failure to object to the

disparity in sentencing compared to a fast-track district also fails.  The Tenth Circuit has held

that before a defendant can show a disparity, he must first demonstrate that he would be

---

[2]  While the undersigned disagrees with Defendant's use of the term "cultural assimilation" to describe what are more properly defined as family ties, the Court will use Defendant's terminology to remain consistent with his briefs.

entitled to the program if it existed in this district.  United States v. Lopez-Macias, 661 F.3d 485, 494 (10th Cir. 2011).  Defendant has failed to offer any evidence that he would be eligible.  At best, Defendant offers an argument that he would have been eligible had he pleaded guilty in the Central District of California.  Plaintiff disagrees and, as the Tenth Circuit has noted, eligibility issues are the province of the Department of Justice.  Id. Defendant has failed to offer anything other than his unsupported assertion that he was eligible.  In the absence of any proof of eligibility, Defendant cannot demonstrate that absent counsel's failure to assert the disparity, his sentence would have been different.  Accordingly, his claim of ineffective assistance fails.

Finally, to the extent Defendant raises arguments about the length of his sentence when compared to a defendant with the same criminal history but who committed a different crime, his arguments raise only questions of law regarding the reasonableness of his sentence.  As noted above, those issues were decided on direct appeal and cannot be revisited here.

As set forth more fully herein, Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. No. 40) is DENIED. A Judgment will enter accordingly.

IT IS SO ORDERED this 4th day of April, 2013.


_____
ROBIN J. CAUTHRON
United States District Judge